J. C. HOWARD V. THE STATE.

No. 18355.   Delivered May 6, 1936.

The opinion states the case.

*Neal Shurtleff* and *Bessie Rose Haase,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

The appellant was charged with taking from the person and possession of Mrs. Frances Russell the sum of one thousand and one hundred dollars in money.

The testimony of Mrs. Russell was to the effect that as she and her daughter were walking on one of the streets of Houston about 8:30 or 9:00 o'clock one night, she was attacked by

the appellant and a companion who grabbed her purse containing $1100.32 in money. She positively identified the appellant on the examining trial as one of the two men who overpowered her and took her purse.

The testimony of Mrs. Russell was opposed on the trial upon the ground that the conditions prevailing did not authorize the State to reproduce the testimony of the witness who was not present at the time of the trial. Mrs. Russell was not available to the State in person at the time of the trial. Therefore, her testimony given up on the examining trial was introduced over objection of the appellant. The record is void of formal bills of exception. Appellant's counsel cites several cases in opposition to the action of the court in receiving the testimony mentioned. Among the cases cited is that of Reeves v. State, 252 S. W., 781, from which we quote the second paragraph of the syllabus as follows:

"Exceptions to evidence admitted over objections of defendant may be embraced in the statement of facts and will be considered when the trial judge's approval of the statement of facts also contains a specific approval of the bills of exception reserved therein."

Appellant also cites Texas Jur., Vol. 4, p. 258, sec. 183, reading in part as follows:

"Exceptions to the admission of evidence over objection of the defendant may be embraced in the statement of facts, in connection with the evidence objected to."

The record in the present instance is void of any declaration of the trial judge authorizing the exceptions to be embraced in the statement of facts. The subject has been before the court on many occasions and is noted in Branch's Ann. Texas P. C., p. 138, the substance of which is to the effect that the court is not bound by a bill of exception embraced in the statement of facts unless permission to so embrace it has been applied for and obtained from the trial judge.

The written confession of the appellant was introduced in evidence over objection of the appellant upon the alleged ground that the warning given was insufficient to justify the State in using the confession. The confession, as written and signed by the appellant, contains the statement that it was voluntarily made. It is set out in full in the statement of facts. While testifying as a witness in his own behalf the appellant gave testimony controverting the truth of the confession which he has signed and which was introduced by the State. The court instructed the jury that if the confession

introduced in evidence was not the voluntary act of the appellant, it should be disregarded; or if they had a reasonable doubt as to whether it was voluntary, it should be disregarded.

A more comprehensive recital of the proceedings in the case is deemed unnecessary. Suffice it to say that from the record we are unable to reach any conclusion other than that the law demands that the judgment be affirmed, and it is so ordered.

*Affirmed.*